O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| United States of America | ) | Case No. CV 08-2333 CAS (MANx) |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER DENYING PETITIONER'S MOTION FOR RETURN OF PROPERTY PURSUANT TO FED. R. CRIM. P. 41(g)** |
| Mathias Pizano | ) | |
| Defendant. | ) | |

**I.   INTRODUCTION**

On October 21, 2003, petitioner Mathias Pizano was convicted of narcotics distribution, money laundering and bank fraud in a United States District Court for the Southern District of Iowa. On or about May 3, 2004, the Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, entered a Final Order of Forfeiture, forfeiting to the United States government various assets formerly owned by Pizano, including a condominium located on the Pacific Coast Highway in Huntington Beach, California ("the condominium"). Id.

On April 8, 2008, petitioner filed a motion, pursuant to Fed. R. Crim. P. 41(g), for the return of his personal property that was allegedly located inside of the condominium at the time of its forfeiture or, in the alternative, monetary compensation

for that property.[1] On October 10, 2008, respondent United States of America filed its opposition. On January 9, 2009, petitioner filed his reply. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

The government asserts that all of the personal property inside the condominium was removed when the condominium was prepared for sale. Opp'n at 3-4. In this regard, the government asserts that petitioner identified his sister, Jennifer Pizano, and his then girlfriend, Kristine Martens (collectively, "Pizano's representatives"), as the individuals who were to manage his affairs while he was in custody. Id. at 3. The government states that it contacted Pizano's representatives and asked them to remove any property from the condominium that Pizano wished to keep, and thereafter turned over every item that Pizano's representatives requested, including a painting, a king size bed set, a stackable washer and dryer, a small kitchen set, and other personal effects. Id. The remaining items in the condominium were either donated to Goodwill or discarded. Id. According to the government, no personal property removed from the condominium remains in its possession. Id. (citing Berntson Decl ¶¶ 7-8.; Pounders Decl. ¶¶ 6-7).

Petitioner argues that none of his personal property was returned to him, with the exception of one oil painting. Reply at 3. Petitioner further denies that the government ever contacted his representatives or turned over any property to them. Id. (citing Martens Decl. ¶ 3).

## III. LEGAL STANDARD

Rule 41(g) motions are treated as proceedings in equity when there are no

---

[1]Petitioner alleges that the missing items include: (1) a Bang & Olufsen stereo and speaker system; (2) a Basset leather sofa and love seat; (3) IKEA tables and lamps; (4) a television, DVD player and stand; (5) a king-size bed, frame and mattress; (6) patio furniture; (7) a collector's edition beach bike; (8) miscellaneous other items including tools, a bed set, a vacuum cleaner and kitchen supplies. Mot. at 3, Exhibit 1. Petitioner further alleges that the value of these items is approximately $19,800. Mot., Ex. 1.

criminal proceedings pending against the movant. United States v. Martinson, 809 F.2d 164, 1366 (9th Cir. 1987).

To prevail on a Rule 41(g) motion, previously known as a Rule 41(e) motion, for return of seized property, "a criminal defendant must demonstrate that (1) he is entitled to lawful possession of the seized property;  (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." United States v. Van Cauwenberghe, 827 F.2d 424, 433 (9th Cir. 1991)).

**IV.   DISCUSSION**

The government argues that, with the exception of the bed set allegedly claimed by Pizano's representatives and the leather sofa allegedly donated to Goodwill, Pizano has failed to provide sufficient proof that any of the property he seeks to have returned was ever in the condominium. Opp'n at 5. The government contends that it cannot be held responsible for property which it did not seize. Id. at 6 (citing United States v. Marshall, 338 F.3d 990, 994-95 (9th Cir. 2003)).

The government further argues that petitioner's motion must be denied because the government no longer possesses any of the  property found in the condominium. Opp'n at 5 (citing Lowrie v. United States, 824 F.2d 827, 829 (10th Cir. 1987) ("[A]n order that the F.B.I. return material which it does not have, nor does it have control over, cannot stand"); United States v. White, 718 F. 2d 260, 261 (8th Cir. 1983) ("[S]ince the government does not possess [petitioner's] property, it cannot return his property, and the motion was properly denied").

Petitioner responds that he has presented sufficient evidence demonstrating that the requested items existed and that they were in the condominium when the government took possession of it. Reply at 2. Specifically, petitioner points to the declaration of Kristine Martens, which states that the condominium "contain[ed] all the items listed" in petitioner's motion. Martens Decl. ¶5. Petitioner argues that Exhibit B to the government's opposition, an inventory report from the government contractor responsible for renovating the condominium and preparing it for sale, states that the

3

condominium contained a brown leather sofa and loveseat, a king sized bed, and a lamp. Opp'n, Ex. B.

Petitioner further argues that he may be granted relief even if the government no longer possesses any of the items. Reply at 4 (citing Mora v. United States, 955 F.2d 156 (2d Cir. 1992)). In Mora, the Second Circuit held that a motion for return of seized property was not moot although the government alleged that it no longer had possession of any of the requested property. Mora, 955 F.2d at 159. There, the court found that the government's claim that "various" items were turned over to a relative of Mora's co-defendant was insufficient to establish that the government had properly disposed of Mora's property. Id. at 158. Petitioner argues that, as in Mora, the government has failed to explain what happened to the majority of the requested property. Reply at 4.

The Court concludes that petitioner's motion should be denied. Subsequent to Mora, the Second Circuit held that "[i]n identifying money damages as 'appropriate' equitable relief when seized property was unavailable for return pursuant to Rule 41(g), neither Mora nor its progeny, however, addressed the sovereign immunity implications of such an award against the United States." Adeleke v. United States, 355 F.3d 144, 151 (2d Cir. 2004). The Second Circuit has "join[ed] in the unanimous conclusion of those sister circuits that have addressed the issue: Rule 41(g), which simply provides for the return of seized property, does not waive the sovereign immunity of the United States with respect to actions for money damages relating to such property." Id. The government has established that it is no longer in possession of any items that petitioner seeks to have returned to him. Pounders Decl. ¶ 9; Berntson Decl. ¶ 7. Furthermore, to the extent that petitioner seeks compensation for the items that were allegedly discarded by the government, his claim is barred by sovereign immunity. Id. ("[A]lthough we continue to adhere to Mora and its progeny . . . we here clarify that such equitable jurisdiction does not permit courts to order the United States to pay money damages when, for whatever reason, property is not available for Rule 41(g) return. Such monetary awards are barred by sovereign immunity.").

4

## V. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES petitioner's motion for return of property pursuant to Fed. R. Crim. P. 41(g).

IT IS SO ORDERED

Dated: March 23, 2009

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE